IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| THOMAS S. GDOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CV-05107-BCW |
| | ) | |
| SCHEIDER ELECTRIC USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Partially Exclude the Testimony and Opinions of Plaintiff's Non-Retained Expert Chris Griffen (Doc. #84). The Court, having considered said motion pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), grants in part and denies in part said motion.

Defendant requests that the Court exclude Griffen's opinions and testimony related to the alleged design defect in the transfer switch. Defendant requests that the Court specifically exclude Griffen's testimony that (1) accessibility to the switch is difficult to see and (2) the switch would be better if it had some way of indicating that it had malfunctioned.

## DISCUSSION

The district court must act as gatekeeper to ensure that expert testimony offered at trial is relevant and reliable. Daubert, 509 U.S. at 597. Although Fed. R. Evid. 702 sets forth certain considerations related to the proposed expert's testimony to ensure it is relevant and reliable, the inquiry is a flexible one. Id. at 594. The overarching consideration is the scientific validity of the source from which the designated expert draws his or her opinions or conclusions. Id. The

1

Court's "focus, of course, must be based solely on principles and methodology, not on the conclusions that they generate." Id. at 594-95.

Plaintiff bears the burden to show by a preponderance of evidence that a designated individual is qualified to testify as an expert based upon the requirements set forth in Fed. R. Evid. 702. Wagner v. Hesston Corp., 450 F.3d 756, 758 (8th Cir. 2006).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court's reliability determination further requires the evaluation of the following factors related to the proposed expert's scientific, technical, or specialized knowledge: (1) whether the theory or technique can be tested; (2) whether the theory or technique has been subject to peer review; (3) whether there is a known rate of error; and (4) whether there is general acceptance of the theory or technique within the scientific community. Daubert, 509 U.S. at 592-94.

By contrast to the criteria for admissibility of expert testimony, Fed. R. Evid. 701 permits an individual who is not testifying as an expert to opine upon subjects that are based upon the individual's perception, that would be helpful to understand testimony or to determine a fact in issue, and that is not based upon scientific, technical, or other specialized knowledge. Fed. R. Evid. 701.

In this case, Plaintiff's opposition to Defendant's motion to strike portions of Griffen's testimony does not suggest that Griffen would testify as an expert. Instead, Plaintiff suggests that Griffen would testify only as a fact witness, and based upon his

experience as an electrician, he would be justified in testifying "regarding his personal observations about the subject switch and his knowledge of industry alternatives." See Doc. #96.

Defendant does not dispute that Griffen may testify as a fact witness and may properly testify about his perceptions and personal observations with regard to the generator system at issue, and the Court agrees. By contrast, however, the Court cannot conclude that the total of Griffen's proposed testimony meets the criteria for him to testify as an expert about the design of the transfer switch.

Griffen is an experienced electrician who has serviced the hotel's generator system and has some experience with various electrical equipment, including experience in building one low voltage automatic transfer switch. Notably, however, the transfer switch at issue in this case is categorized as manual medium volt switch. Moreover, Griffen has never performed work on the switch at issue, though he would be comfortable looking through the viewing window to determine the position of the blades. Based upon the criteria set forth in Fed. R. Evid. 702, the Court finds that Griffen's testimony would be helpful in assisting the trier of fact to understand the generator system and the details with respect to the flow of electricity involving the transfer switch. However, Griffen's testimony with respect to the design of the switch shall not be permitted.

Griffen's specialized knowledge and training as an electrician does not qualify him to opine on any design defect with the switch, especially when Griffen did not perform any work on the switch and does not have any experience with the particular type of switch at issue in this case. As a result, the Court cannot conclude that Griffen

3

Case 3:12-cv-05107-BCW   Document 148   Filed 04/25/14   Page 3 of 4

had any opportunity to perform any tests or generate data from which the Court could glean whether he was qualified as an expert pursuant to Fed. R. Evid. 702 and Daubert.

Griffen shall be permitted to testify as an expert with respect to the generator system. His testimony shall not include any reference or opinion to any design defect or speculation regarding malfunction of the transfer switch due to the switch's design. Griffen may testify with respect to his perceptions as an electrician who worked on the generator system because this testimony would assist the trier of fact in understanding the overall purpose of the switch. Therefore, the Court concludes Griffen may testify regarding the "window and the accessibility" of the switch, to the extent that the opinion is based upon his perceptions. Griffen may not testify regarding his opinion of how the switch "would be better." Accordingly, it is hereby

ORDERED Defendant's Motion to Partially Exclude the Testimony and Opinions of Plaintiff's Non-Retained Expert Chris Griffen (Doc. #84) is GRANTED IN PART and DENIED IN PART. It is further

ORDERED Griffen shall be precluded from offering any opinion about the design of the transfer switch. He may testify pursuant to Fed. R. Evid. 702 based upon his technical experience as an electrician and with the generator system overall, and may testify regarding the accessibility of the switch. It is further

ORDERED the Court may further expand or limit Griffen's testimony from the bench during trial as circumstances require.

IT IS SO ORDERED.

DATED: April 25, 2014

                                                /s/ Brian C. Wimes
                                                JUDGE BRIAN C. WIMES
                                                UNITED STATES DISTRICT COURT