**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| THOMAS S. GDOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CV-05107-BCW |
| | ) | |
| SCHEIDER ELECTRIC USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Defendant's Motion to Exclude the Testimony and Opinions of

Plaintiff's Designated Expert Gregory L. Booth, P.E. (Doc. #86) and Plaintiff's Motion to

Exclude Portions of the Testimony of Lyle Lickiss (Doc. #90). The Court, having considered

said motions pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc.,

509 U.S. 579 (1993), denies said motions.

The party designating a proposed expert witness bears the burden to show by a

preponderance of evidence that the individual is qualified to testify based upon the requirements

set forth in Fed. R. Evid. 702. Wagner v. Hesston Corp., 450 F.3d 756, 758 (8th Cir. 2006).

> A witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if: (a) the expert's
> scientific, technical, or other specialized knowledge will help the trier of fact to
> understand the evidence or determine a fact in issue; (b) the testimony is based on
> sufficient facts or data; (c) the testimony is the product of reliable principles and
> methods; and (d) the expert has reliably applied the principles and methods to the
> facts of the case.

Fed. R. Evid. 702. The Court's reliability determination further requires the evaluation of

the following factors related to the proposed expert's scientific, technical, or specialized

knowledge: (1) whether the theory or technique can be tested; (2) whether the theory or

1

technique has been subject to peer review; (3) whether there is a known rate of error; and (4) whether there is general acceptance of the theory or technique within the scientific community. Daubert, 509 U.S. at 597.

Although the law sets forth certain considerations related to the proposed expert testimony to ensure it is relevant and reliable, the inquiry of qualification is a flexible one. Id. at 594. Generally, the factual basis of expert testimony does not go to admissibility, but rather the expert witness's credibility. Synergetics, Inc. v. Hurst, 477 F.3d 949, 955-56 (8th Cir. 2006) (citing Bonner v. ISP Tech., Inc., 259 F.3d 924, 929 (8th Cir. 2001)). As a result, an expert's testimony should be excluded only if it is "so fundamentally unsupported that it can offer no assistance . . ." to the trier of fact. Id. at 956. A party's disagreement with a designated expert's opinions or methodology does not justify exclusion of the testimony. Id. (citing Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky by admissible evidence.")).

A.  **DEFENDANT'S MOTION TO EXCLUDE BOOTH'S TESTIMONY IS DENIED.**

Defendant asserts that the testimony of Plaintiff's designated expert should be excluded because Gregory Booth's opinions are based on fundamentally unsupported evidence (Doc. #86). Defendant argues that although Booth has experience as an electrical engineer, he is not qualified to offer opinions about any design defect related to the transfer switch at issue. In opposition, Plaintiff asserts that Booth's testimony will certainly assist the jury in understanding the evidence because the average citizen is unfamiliar with generator systems and the function of each component, including the switch.

2

Booth is a licensed engineer who has worked in the industry for 45 years, and has experience in electrical system design, planning, construction, operation, maintenance, construction observation, safety, and teaching. Further, he has testified as a forensic engineering expert in cases involving various electrical parts, including switch gears. Booth is also familiar with arc flash studies and has authored warning labels in the past.

Based on Booth's background and specialized knowledge, the Court finds Plaintiff has met his burden by a preponderance of the evidence that Booth is qualified to testify as an expert. The Defendant's arguments in favor of Booth's exclusion mostly focus upon its disagreement with the factual bases of Booth's opinions. Excluding Booth's testimony on this basis is improper. Bonner, at 929-30. Defendant will have the opportunity to address any factual issues on cross-examination. The motion is denied

**B. PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF LICKISS' TESTIMONY IS DENIED.**

Plaintiff asserts that the testimony of Defendant's designated expert, Lyle Lickiss, should be partially excluded. Specifically, Plaintiff requests that the Court preclude Lickiss from opining about whether Plaintiff would have followed a warning, had there been one affixed to the switch or sent to him in the mail. Plaintiff argues that an opinion that he would not have followed a warning is purely speculative because Lickiss is not trained in psychology or human factor engineering.

In opposition, Defendant asserts that Lickiss' testimony on this point will be offered to rebut Plaintiff's expert testimony that Plaintiff would have followed a warning about a switch malfunction. Lickiss is a Senior Electrical Engineer for Defendant and has been involved with the product line of the switch at issue. He is familiar with the manufacture and design of the switch, its proper use and risks associated with its use. Moreover, Lickiss is familiar with

necessary warning associated with the switch and has experience drafting safety manuals and warning labels for Defendant.

Because Plaintiff's expert, Booth, may offer testimony that Plaintiff would have heeded a warning about the switch if Defendant had provided one, the Court concludes Lickiss' testimony on this point would amount to rebuttal evidence. See Adams v. Fuqua Indus., Inc., 820 F.2d 271, 275-56 (8th Cir. 1987). Just as in Smith v. Firestone Tire & Rubber Co., where the Court concluded that the defendant could properly rebut the plaintiff's assertion of a safe design alternative with evidence of OSHA standards, Defendant shall be permitted to offer evidence of industry standards and common practice with respect to warnings to rebut Booth's testimony that Plaintiff would have followed a warning. Plaintiff's motion is therefore denied. 755 F.2d 129, 133 (8th Cir. 1985). Accordingly, it is hereby

ORDERED Defendant's Motion to Exclude the Testimony and Opinions of Plaintiff's Designated Exert Gregory L. Booth, P.E. (Doc. #86) is DENIED. It is further

ORDERED Plaintiff's Motion to Exclude Portions of the Testimony of Lyle Lickiss (Doc. #90) is DENIED. It is further

ORDERED the Court may further expand or limit expert testimony from the bench during trial as circumstances require.

IT IS SO ORDERED.


DATED: April 25, 2014

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT