IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| THOMAS S. GDOVIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-CV-05107-BCW |
| SCHNEIDER ELECTRIC USA, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court are Plaintiff's Motion in Limine (Doc. #111) and Defendant's Motions in Limine (Docs. #112, 113, 114, 115, and 116). The parties appeared before the Court on April 15, 2014 for a final pretrial conference. The Court being duly advised of the premises, and for good cause shown, rules as follows:

**Plaintiff's Motion in Limine (Doc. #111)**

First, Plaintiff requests that the Court preclude Defendant from presenting evidence suggesting the fault or partial fault of any party that is not involved in this litigation. This request is denied.

Second, Plaintiff asserts Defendant should be precluded from presenting evidence suggesting Plaintiff is at fault for his use of any product other than the HVL switch ("the Switch") at issue. In support of this request, Plaintiff argues that because this is a strict liability case, the only question before the jury is whether the Switch was defective; thus, fault is irrelevant. This request is likewise denied.

Third, Plaintiff seeks to exclude Defendant's introduction at trial of any document, photograph, or video that Plaintiff requested during discovery, but Defendant did not provide. The Court will address this issue at trial.

1

Fourth, because the only jury question is whether the Switch was defective, Plaintiff asserts that Defendant should be precluded from offering any suggestion that it is generally a "safe company." The Court will address this issue at trial.

Fifth, Plaintiff argues Defendant should be precluded from commenting upon the circumstances under which Plaintiff consulted with and/or took action on the advice of counsel because this information is protected by the attorney-client privilege and is also irrelevant. This request is granted.

Sixth, Plaintiff seeks to prevent Defendant from mentioning or commenting the existence of the instant motion, or from suggesting that Plaintiff sought the exclusion of certain evidence that Defendant would have otherwise presented at trial. This motion is granted.

Seventh, Plaintiff seeks to preclude Defendant from referencing any allegations made in the prior negligence case filed against Cummons Central Power. Plaintiff asserts that any information associated with that negligence action is irrelevant in this strict liability suit. This request is denied.

Eighth, Plaintiff asserts that Defendant should be precluded from speculating about how Plaintiff might use any money judgment he is awarded if his case is successful. The Court will address this issue at trial.

Ninth, Plaintiff argues that the Court should preclude Defendant from commenting on Defendant's general financial status. Likewise, the Court will address this issue at trial.

Tenth, Plaintiff seeks to exclude any presentation or reference to testimony from individuals who have not been named as witnesses in the instant suit. Any prior testimony would amount to inadmissible hearsay. Plaintiff's request on this point is

2

granted in part and denied in part. Plaintiff's motion is granted with respect to Miller. The motion is denied with respect to Palmer and he shall be permitted to testify.

Eleventh, Plaintiff urges the Court to preclude Defendant from referencing any offers of settlement made before or during trial. This request is granted.

Twelfth, Plaintiff requests that the Court preclude any suggestion that Plaintiff's burden in this case is anything other than a preponderance of the evidence. This request is granted.

Thirteenth, Plaintiff seeks to preclude Defendant from stating or implying generally that injured people who are also civil litigants tend to have complaints of physical injury for longer periods of time and also do not return to work as quickly as injured people who are not engaged in litigation. This request is likewise granted.

Fourteenth, Plaintiff argues that Defendant should be precluded from presenting evidence about how often a switch or generator should be exercised, as suggested by White River Electrical Cooperative. Plaintiff's motion on this point is denied.

**Defendant's Motions in Limine (Docs. #112, #113, #114, #115, #116)**

Defendant's first motion in limine (Doc. #112) requests that the Court preclude Plaintiff from offering evidence of incidents that are not substantially similar and/or close in time to the instant matter. This motion is denied.

Defendant's second motion in limine (Doc. #113) seeks the preclusion of Plaintiff's presentation of evidence related to Defendant's experimental testing of the Switch model at issue. The Court concludes that admission of this evidence would be improper and the motion is therefore granted.

Defendant's third motion in limine (Doc. #114) seeks exclusion of evidence related to simulated arc flashes. This motion is denied.

3

Defendant's fourth motion in limine (Doc. #115) seeks exclusion of evidence related to subsequent labeling and warning measures related to the Switch. This motion is granted.

Defendant's fifth motion in limine (Doc. # 116) requests that the Court preclude Plaintiff from presenting evidence with respect to the 1986 Product Manual in relation to the Switch. This motion is denied. Accordingly, it is hereby

ORDERED Plaintiff's Motion in Limine (Doc. #111) is GRANTED IN PART and DENIED IN PART as stated above. It is further

ORDERED Defendant's Motion in Limine (Doc. #112) is DENIED. It is further

ORDERED Defendant's Motion in Limine (Doc. #113) is GRANTED. It is further

ORDERED Defendant's Motion in Limine (Doc. #114) is DENIED. It is further

ORDERED Defendant's Motion in Limine (Doc. #115) is GRANTED. It is further

ORDERED Defendant's Motion in Limine (Doc. #116) is DENIED. It is further

ORDERED the Court will any address any remaining motions prior to trial. It is further

ORDERED the Court's rulings as stated above are subject to change from the bench during trial as circumstances require. It is further

ORDERED this matter is referred to the Chief Magistrate Judge for assignment for purposes of a settlement conference. The parties are directed to participate in a settlement conference to be conducted by the Magistrate Judge assigned. Individuals with full settlement authority must be present during the conference. "Full settlement authority" means, for plaintiff, the authority to dismiss the suit with prejudice without obtaining relief. For defendant, it means the authority to confess judgment in the full

4

amount sought by plaintiff. This does not mean either party should exercise such authority; it is only meant to describe the extent of authority that must be possessed by those present at the settlement conference. The assigned Magistrate Judge will contact the parties to arrange the date and other requirements for the settlement conference. The parties shall appear for settlement conference no later than May 16, 2014.

      IT IS SO ORDERED.


DATED: <u>May 2, 2014</u>

                                            /s/ Brian C. Wimes
                                            JUDGE BRIAN C. WIMES
                                            UNITED STATES DISTRICT COURT