IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

THOMAS S. GDOVIN, )
)
    Plaintiff, )
v. )       Case No. 3:12-CV-05107-BCW
)
SCHNEIDER ELECTRIC USA, INC., )
)
    Defendant. )

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS - ANNOTATED</u>

       Defendant Schneider Electric USA, Inc. (hereinafter, "Schneider") submits the following annotated proposed Jury Instructions.  By submission of these instructions, Schneider does not concede that any of plaintiff's alleged claims and damages should be submitted to a jury and reserves its objections and arguments in that regard until the instruction conference.  Schneider further reserves the right to withdraw any of the attached instructions and to submit alternate or additional instructions after the evidence is completed and before instructions are submitted to the jury.

                   BAKER STERCHI COWDEN & RICE, LLC


                     /s/ James S. Kreamer
                    James S. Kreamer      MO #39682
                    Gretchen E. Landherr  MO #43896
                    2400 Pershing Road, Suite 500
                    Kansas City, Missouri 64108
                    Tel:   (816) 471-2121
                    Fax:  (816) 472-0288
                    kreamer@bscr-law.com
                    glandherr@bscr-law.com
                    **ATTORNEYS FOR DEFENDANT**
                    **SCHNEIDER ELECTRIC, USA, INC.**

## CERTIFICATE OF SERVICE

I certify that on May 9, 2014, a copy of the foregoing was electronically filed with the Court's ECF filing system, which sent electronic notification to the following counsel of record:

Kenneth E. Barnes
BARNES LAW FIRM, L.L.C.
919 West 47th Street
Kansas City, Missouri 64112-1225
kbarnes@law4321.com
ATTORNEY FOR PLAINTIFF

/s/ James S. Kreamer

## INSTRUCTION NO. 1

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the deputy clerk for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by the plaintiff Thomas Gdovin against the defendant Schneider Electric USA, Inc.  Plaintiff alleges that he sustained personal injuries as a result of using a product manufactured by the defendant, an HVL switch, which he claims was sold in a defective condition and without appropriate warnings.  Defendant contends that it is not responsible for plaintiff's injuries, because these injuries were caused by someone else or by plaintiff himself.  Defendant also contends that the switch did not have any defect when it was sold, but that twenty years of use without maintenance resulted in the accumulation of grime that caused the switch blade to stick. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

1

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think your verdict should be.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.03 (2013)

# <u>INSTRUCTION NO. 2</u>

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the deputy clerk.

Fourth, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you [must] understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

Fifth, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that

3

you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device.

Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

Sixth, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

Seventh, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case.  If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the

4

truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

Eighth, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.08 (2013)

Case 3:12-cv-05107-BCW   Document 158   Filed 05/09/14   Page 7 of 35

## <u>INSTRUCTION NO. 3</u>

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.09 (2013)

6

**INSTRUCTION NO. 4**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.04 (2013)

7

## INSTRUCTION NO. 5

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.05 (2013)

## INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your chair.

When you leave at night, your notes will be locked up and will not be read by anyone.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 1.06 (2013)

9

**INSTRUCTION NO. 7**

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically videotaped and that recording now will be played for you].  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.  You should not place any significance on the manner or tone of voice used to read the witness's answers to you.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 2.15 (2013)

## INSTRUCTION NO. 8

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case.  You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson

will fill in the forms, sign and date them, and tell the bailiff that you are ready to return to the courtroom.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 3.06 (2013)

Case 3:12-cv-05107-BCW   Document 158   Filed 05/09/14   Page 14 of 35

## INSTRUCTION NO. 9

      I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 3.02 (2013)

Case 3:12-cv-05107-BCW   Document 158   Filed 05/09/14   Page 15 of 35

**INSTRUCTION NO. 10**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.[*]

---

[*] Submitted by Defendant
8th Cir. Civil Jury Instr. § 3.03 (2013)

14

**INSTRUCTION NO. 11**

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you.

The burden is upon plaintiff to cause you to believe that the evidence has clearly and convincingly established the propositions of fact required for the recovery of punitive damages.

However, on all other propositions of fact, the burden is upon the party who relies upon any such proposition to cause you to believe that such proposition is more likely to be true than not true.

In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.[*]

---

[*] Submitted by Defendant
MAI (7th ed.) 3.01 [1998 Revision]

15

## INSTRUCTION NO. 12

You have been shown videos of arc flashes. These videos were used to illustrate scientific principles. They were not reenactments of the events in this case, and do not accurately depict what occurred in this case. You may not consider these videos for any purpose other than to understand what an arc flash is.[*]

---

[*] Submitted by Defendant
Modified MAI (7th ed.) 34.06 [2012 New] Limiting Instructions
Modified 8th Cir. Civil Jury Instr. § 2.09 (2013)

16

## INSTRUCTION NO. 13

Evidence has been presented regarding other claims, complaints, or lawsuits against Schneider.  The allegations in those claims are not to be used as evidence of the truth of the matters asserted in the lawsuits and complaints.  You may consider that evidence only for purposes of determining the magnitude of any dangerous condition presented by the switch, whether this switch could be safely used for its intended purpose, and whether plaintiff's injury directly resulted from a defect or lack of warning that existed when the switch was sold.  You may not consider other claims, complaints, or lawsuits for any other purpose. [*]

---

[*] Submitted by Defendant

Modified MAI (7th ed.) 34.06 [2012 New] Limiting Instructions

Modified 8th Cir. Civil Jury Instr. § 2.09 (2013)

Utilizing MAI (7th ed.) 25.04 and 25.05 verdict directing language regarding magnitude of the danger, lack of safety, and causation.

"Evidence of other accidents may be relevant to the defendant's ability to correct known defects, the magnitude of the danger, the lack of safety for intended uses, or causation."  *Drabik v. Stanley-Bostitch*, Inc., 997 F.2d 496, 508 (8th Cir. 1993); *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 625 (8th Cir. 1983).

Regarding "known defects," because none of the incidents pre-dates the 1989 sale of this switch, the evidence is not relevant to this issue.

The only bases on which the OSI evidence may be relevant is the magnitude of the danger, the lack of safety for intended uses, or causation.

OSI evidence may not be used to prove "notice" in this case.  Plaintiff asserts only strict liability, not negligence claims.  The defendant's knowledge of a defect is not an element of either of plaintiff's strict liability claims. See MAI 25.04 and 25.05. "Notice" is therefore irrelevant to these claims.  The only purpose for which plaintiff could use evidence of "notice" is for punitive damages.  To prove punitive damages, the defendant must have had "actual knowledge" of the specific defect involved in the case, prior to the product's sale.  *See Laney v. Coleman Co., Inc.*, 758 F.2d 1299, 1304-05 (8th Cir. 1985); *Bhagvandoss v. Beiersdorf, Inc.*, 723 S.W.2d 392, 397-98 (Mo. 1987); *School Dist. v. U.S. Gypsum Co.*, 750 S.W.2d 442, 446 (Mo. App. W.D. 1988); *Love v. Deere and Co.*, 684 S.W.2d 70, 77 (Mo. App. W.D. 1985).  The other incidents in this case, however, arose after the 1989 sale of this switch.

# INSTRUCTION NO. 14

Your verdict must be for defendant if you believe that the sole proximate cause of injury to the plaintiff was the conduct of some person other than Schneider.[*]

---

[*] Submitted by Defendant

*Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1112 (8th Cir. 1988) ("Although we recognize that Missouri does not allow a defendant to submit a sole cause instruction, M.A.I. 1.03 (1981), this does not prevent a defendant from requesting such an instruction from a federal court sitting in diversity or from arguing to the jury that someone else was the sole cause of the accident.")

*Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 375-76 (Mo. App. W.D. 2010) (notwithstanding Missouri's tort reform statutes, a defendant is entitled to argue that a non-party, including a settling party, is the sole cause of the plaintiff's injuries).

*Gomez v. Clark Equipment Co.,* 743 S.W.2d 429, 433 (Mo. App. W.D. 1987) (notwithstanding workers' compensation act bar on a claim against the decedent's employer, the defendant product manufacturer properly asserted that the employer was the sole cause of the decedent's injuries).

*See also, e.g.,* Illinois Pattern Instruction 12.04; *Robinson v. Boffa*, 402 Ill.App.3d 401, 402 (1st Dist. 2010); *McDonnell v. McPartlin*, 192 Ill.2d 505, 516 (2000).

## INSTRUCTION NO. 15

In your verdict on plaintiff's claim for strict liability – product defect, you must not assess a percentage of fault to Schneider unless you believe all of the following:

First, that the HVL switch was in a defective condition at the time it left Schneider's control; and

Second, that plaintiff used the HVL switch in a manner that was reasonably anticipated by Schneider; and

Third, that plaintiff was damaged as a direct result of that defective condition.[*]

---

[*] Submitted by Defendant

Converse of MAI (7th ed.) 25.04 [1978 Revision] Strict Liability--Product Defect

MAI (7th ed.) 37.04 [1986 New] Converse Instructions for Comparative Fault.

Defective condition and dangerous when used as reasonably anticipated are conversed. *Lietz v. Snyder Mfg. Co.*, 475 S.W.2d 105, 109 (Mo. 1972) ("There is a distinction between (1) the defective condition of a product and (2) the dangerous character of the product when put to a use reasonably anticipated," and a defendant is entitled to converse either or both of these issues.)

Causation is also conversed. *Lietz v. Snyder Mfg. Co.*, 475 S.W.2d 105, 109 (Mo. 1972) ("A defendant may submit the converse of any one of the elements essential to plaintiff's recovery.")

19

## <u>INSTRUCTION NO. 16</u>

You are instructed that, under Missouri law, Schneider did not have any duty to recall or to retrofit the HVL switch after it was sold, even if you find that the switch was defective at the time it was sold.[*]

---

[*] Submitted by Defendant

Not in MAI.

*Morrison v. Kubota Tractor Corp.*, 891 S.W.2d 422, 429 (Mo. App. W.D. 1994) (a manufacturer does not owe a legal duty to purchasers of its products to retrofit the products after sale).

*Horstmyer v. Black & Decker*, 151 F.3d 765 (8th Cir. 1998) (under Missouri law, a product manufacturer has no duty to recall defective products).

*Wallace v. Dorsey Trailers Southwest Inc.*, 849 F.2d 341 (8th Cir. 1988) (no duty to retrofit aerial bucket lift with electrical safety features).

*Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129 (8th Cir. 1985) (same, no duty to recall defective tire rims).

*Efting v. Tokai Corp.*, 75 F. Supp. 2d 1006 (W.D. Mo. 1999) (notice of a defect does not create a duty to recall or retrofit the product).

20

# INSTRUCTION NO. 17

In your verdict on plaintiff's claim for strict liability – failure to warn, you must not assess a percentage of fault to Schneider unless you believe all of the following:

First, that the HVL switch was, at the time that it left Schneider's control, unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics; and

Second, that plaintiff used the HVL switch in a manner that was reasonably anticipated by Schneider; and

Third, that plaintiff was damaged as a direct result of the HVL switch being sold without an adequate warning.[*]

---

[*] Submitted by Defendant
Converse of MAI (7th ed.) 25.05 [1978 New] Strict Liability--Failure to Warn
MAI (7th ed.) 37.04 [1986 New] Converse Instructions for Comparative Fault.

21

# INSTRUCTION NO. 18

Your verdict must be for Schneider if you believe:

First, that the accumulation of dirt or debris in the HVL switch, or the drying of the switch's original lubrication, was a modification or alteration to the HVL switch that occurred after the switch left Schneider's control; and

Second, that this modification or alteration made the HVL switch unsafe; and

Third, that this modification or alteration directly caused or directly contributed to cause any damage that plaintiff may have sustained.[*]

---

[*] Submitted by Defendant

*Duke v. Gulf & Western Mfg. Co.*, 660 S.W.2d 404 (Mo. App. W.D. 1983) (Alteration requires a defense verdict if the changes made the product "unsafe.")

*Gomez v. Clark Equipment Co.*, 743 S.W.2d 429, 432 (Mo. App. W.D. 1987) ("In other words, if a modification is foreseeable, but the modification makes a safe product unsafe, the manufacturer is not liable.")

22

**INSTRUCTION NO. 19**

You verdict must be for Schneider on plaintiff's claim for strict liability – failure to warn if you believe that the dangerous nature of the HVL switch was not known to Schneider and could not reasonably be discovered at the time the product was placed into the stream of commerce.[*]

---

[*] Submitted by Defendant

MAI (7th ed.) 37.06 [1986 New] Complete Affirmative Defenses

Mo. Rev. Stat. § 537.764 "The state of the art shall be a complete defense . . . in an action based upon strict liability for failure to warn . . .   As used in this section, 'state of the art' means that the dangerous nature of the product was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce."

23

## INSTRUCTION NO. 20

If you assess a percentage of fault to defendant, then, disregarding any fault on the part of plaintiff, you must determine the total amount of plaintiff's damages to be such sum as will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is reasonably certain to sustain in the future as a direct result of a defect in or lack of warning for the HVL switch. You must state such total amount of plaintiff's damages in your verdict.

In determining the total amount of plaintiff's damages, you must not reduce such damages by any percentage of fault you may assess to plaintiff. The judge will compute plaintiff's recovery by reducing the amount you find as plaintiff's total damages by any percentage of fault you assess to plaintiff.[*]

---

[*] Submitted by Defendant

Modified MAI (7th ed.) 37.03 [1986 New] Damages

Mo. Rev. Stat. § 537.765 "Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages."

*Egelhoff v. Holt*, 875 S.W.2d 543, 547 (Mo. 1994) (plaintiff's fault must be compared pursuant to § 537.765).

*Carlson v. K-Mart*, 979 S.W.2d 145 (Mo. banc 1998) (authorizing the deletion of the MAI phrase "the occurrence mentioned in the evidence" and substitution with a more descriptive phrase where there are multiple potential causes of plaintiff's claimed damages)

24

## INSTRUCTION NO. 21

If you assess a percentage of fault to Schneider on either of plaintiff's claims, then you must also assess a percentage of fault to plaintiff if you believe that plaintiff failed to use the HVL switch in a manner that was reasonably anticipated by Schneider.[*]

---

[*] Submitted by Defendant

Mo. Rev. Stat. § 537.765.2 "Any fault chargeable to the plaintiff shall diminish
    proportionately the amount awarded as compensatory damages."

Mo. Rev. Stat. § 537.765.3(2):

    "For purposes of this section, 'fault' is limited to:

    (1) The failure to use the product as reasonably anticipated by the manufacturer."

25

**INSTRUCTION NO. 22**

If you assess a percentage of fault to Schneider on either of plaintiff's claims, then you must also assess a percentage of fault to plaintiff if you believe that plaintiff unreasonably failed to appreciate the danger involved in use of the HVL switch and unreasonably exposed himself to that danger.[*]

---

[*] Submitted by Defendant

Mo. Rev. Stat. § 537.765.2 "Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages."

Mo. Rev. Stat. § 537.765.3(4):

"For purposes of this section, 'fault' is limited to:

. . .

(3) Use of the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger."

26

**INSTRUCTION NO. 23**

If you assess a percentage of fault to Schneider on either of plaintiff's claims, then you must also assess a percentage of fault to plaintiff if you believe that plaintiff failed to undertake the precautions a reasonably careful user of the HVL switch would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances.[*]

---

[*] Submitted by Defendant

Mo. Rev. Stat. § 537.765.2 "Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages."

Mo. Rev. Stat. § 537.765.3(5):

"For purposes of this section, 'fault' is limited to:

. . .

(5) The failure to undertake the precautions a reasonably careful user of the product would take to protect himself against dangers which he would reasonably appreciate under the same or similar circumstances."

27

**INSTRUCTION NO. 24**

You must not award plaintiff an additional amount as punitive damages under Instruction Number _____ [10.05] unless you believe:

First, at the time Schneider sold the HVL switch, Schneider knew of the defective condition and danger submitted in Instruction Number _____ [25.04], or if you find that at the time Schneider sold the HVL switch, Schneider knew of the danger submitted in Instruction Number _____ [25.05], and

Second, Schneider thereby showed complete indifference to or conscious disregard for the safety of others.[*]

---

[*] Submitted by Defendant

MAI (7th ed.) 33.16 [1991 New] Conversing Exemplary Damages with language from MAI (7th ed.) 10.05

*Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 112 (Mo. banc 1996); *Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. banc 1989).

28

## INSTRUCTION NO. 25

If you assess a percentage of fault to Schneider on either of plaintiff's claims, you must not award plaintiff an additional amount as punitive damages unless plaintiff has proven by clear and convincing evidence that Schneider had actual knowledge, at the time the HVL switch was sold, that it had a defect that would cause the arc interrupter blade to become stuck in the arc chute.[*]

---

[*] Submitted by Defendant

Actual knowledge of a product defect at the time of sale must be proven to recover punitive damages. *Bhagvandoss v. Beiersdorf, Inc.*, 723 S.W.2d 392, 397-98 (Mo. 1987); *Love v. Deere and Co.*, 684 S.W.2d 70, 77 (Mo. App. W.D. 1985).

Missouri law does not permit submission of a punitive damage claim on a theory of constructive knowledge of product defect" *Laney v. Coleman Co., Inc.*, 758 F.2d 1299, 1304-05 (8th Cir. 1985).

"No Missouri case has permitted submission of a punitive damage claim in a strict products liability case on the theory that the defendant should have known of a dangerous defect in its product." *School Dist. v. U.S. Gypsum Co.*, 750 S.W.2d 442, 446 (Mo. App. W.D. 1988).

29

If you assess a percentage of fault to Schneider on either of plaintiff's claims, you must not award plaintiff an additional amount as punitive damages if you believe that Schneider designed the HVL switch in a manner that was consistent with industry standards and practices in 1989.[*]

---

[*] Submitted by Defendant

*Lane v. Amsted Indus., Inc.*, 779 S.W.2d 754, 759 (Mo. App. W.D. 1989) ("Compliance with industry standard and custom impinges to prove that the defendant acted with a nonculpable state of mind ... and hence to negate any inference of complete indifference or conscious disregard for the safety of others the proof of punitive damages entails.")

*Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 510 (8th Cir. 1993) ("Compliance with industry standard and custom serves to negate conscious disregard and to show that the defendant acted with a nonculpable state of mind.").

You may not award punitive damages for the purpose of punishing Schneider for the sale of HVL switches in other states, for any injuries that may have occurred in other states, or for the purpose of changing Schneider's conduct in other states.[*]

---

[*] Submitted by Defendant

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred."; "A jury must be instructed . . . that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred."; "Nor, as a general rule, does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction.")

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 672 (1996) ("[A] State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other states.")

31

## <u>VERDICT</u>

On Plaintiff Thomas Gdovin's claim against Defendant Schneider Electric USA, Inc. for strict liability – product defect, we, the undersigned jurors, assess percentages of fault as follows:

Defendant Schneider Electric USA, Inc. _____% (zero to 100%)

Plaintiff Thomas Gdovin _____% (zero to 100%)

TOTAL _____% (zero <u>OR</u> 100%)

On Plaintiff Thomas Gdovin's claim against Defendant Schneider Electric USA, Inc. for strict liability – failure to warn, we, the undersigned jurors, assess percentages of fault as follows:

Defendant Schneider Electric USA, Inc. _____% (zero to 100%)

Plaintiff Thomas Gdovin _____% (zero to 100%)

TOTAL _____% (zero <u>OR</u> 100%)

*Note: Complete the following paragraphs only if you assessed a percentage of fault to defendant on one or more of the above findings.*

We find plaintiff Thomas Gdovin's compensatory damages to be:

$_____(state the amount or, if none, write the word "none")

*Note:  The judge will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.*

32

*Note:  If you found in favor of plaintiff and against defendant and awarded compensatory damages to plaintiff, complete the following paragraph by writing in the word(s) required by your verdict.*

       We, the undersigned jurors, find that defendant Schneider Electric, USA, Inc. _____ ("is" or "is not") liable for punitive damages.

*Note:  All jurors who agree to the above findings must legibly sign or print their names below.*

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____ *

---

[*] Submitted by Defendant

Modified MAI 37.07 [1986 New] Form of Verdict